IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | | |
|---|---|---|
| UNITED FIRE & CASUALTY COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 05-6049-CV-SJ-ODS |
| | ) | |
| FUHR INTERNATIONAL, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### ORDER AND OPINION GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO STAY AND GRANTING DEFENDANTS' REQUEST TO AMEND THE SCHEDULING AND TRIAL ORDER

This is a declaratory action brought by Plaintiff against its insured, Defendant Fuhr International LLC ("Fuhr") and The Louver Shop, Inc. ("Louver"). Fuhr manufactures and supplies paint and similar products, and Louver purchased primer from Fuhr for application on Louver's products. Fuhr and Louver are parties to a lawsuit in Georgia state court in which Louver alleges various contract and tort claims against Fuhr. In this case, Plaintiff seeks a declaration that it is not obligated to provide a defense or coverage to Fuhr. Pending is Fuhr's Motion to Stay or, in the Alternative, Amend the Scheduling and Trial Order.

The critical issue is the potential overlap between issues decided in the Georgia case and issues that need to be decided in this case. Plaintiff relies heavily on Scottsdale Insurance Co. v. Detco Industries Inc., 426 F.3d 994 (8th Cir. 2005), to argue the two cases are insufficiently parallel to justify abstention and dismissal. This observation is correct, but it does not answer the question. Scottsdale does not address a district court's inherent authority to manage discovery and the processing of a case in order to avoid conflicts with other related cases.

An insurer's obligation to defend its insured is broader than its duty to indemnify its insured. E.g., McCormack Baron Mgt. Servs., Inc. v. American Guarantee & Liability Ins. Co., 989 S.W.2d 168, 170 (Mo. 1999) (en banc). "The duty to defend arises whenever there is a potential or possible liability to pay based on the facts at the outset of the case and is not dependant on the probable liability to pay based on the facts ascertained

1

through trial. The duty to defend is determined by comparing the language of the insurance policy with the allegations in the complaint." Id. (quotation omitted). "[T]he duty to defend is triggered if there are facts that could potentially bring the underlying claim within coverage. Furthermore, any uncertainty as to the policy's coverage should be decided in favor the insured." Liberty Mutual Ins. Co. v. FAG Bearings Corp., 153 F.3d 919, 924 (8th Cir. 1998). The Georgia court will not address whether the case before it raises claims that potentially lie within the policies' coverage, nor will it consider issues that will determine this issue. There are no other exceptional circumstances justifying a stay of proceedings regarding Plaintiff's duty to defend.

However, the issues involving Plaintiff's duty to indemnify may or may not be entwined with matters to be resolved in the Georgia case – there is no way to know for sure, but it is clear that any relevant findings from the Georgia case would be binding in this proceeding. In addition, the discovery in both cases will overlap, and there is no reason for this case to interfere with the Georgia case – particularly given that the issue of indemnification could be completely moot if Fuhr prevails. For these reasons, prudence dictates some accommodation to the proceedings in Georgia state court.

The Scheduling and Trial Order (as amended) is vacated, and the following schedule will govern.

1. Discovery in this case may continue until August 16, 2006, and dispositive motions regarding Plaintiff's duty to defend may be filed thirty days thereafter. Suggestions in Opposition and Reply Suggestions will be filed in accordance with the deadlines established in the Local Rules.

2. On November 2, 2006, and every thirty days thereafter, the parties will file a Joint Status Report describing the status of proceedings in the Georgia case. Once the Georgia case has been resolved (via settlement, verdict, dismissal, or otherwise), the parties should promptly file a Joint Status Report indicating this event. At that time, the Court will also entertain input from the parties regarding further processing of this case.

IT IS SO ORDERED.

/s/ Ortrie D. Smith
ORTRIE D. SMITH, JUDGE
DATE: August 3, 2006          UNITED STATES DISTRICT COURT

2