IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

UNITED FIRE & CASUALTY COMPANY,      )
                                     )
                    Plaintiff,       )
                                     )
vs.                                  )          Case No. 05-6049-CV-SJ-ODS
                                     )
FUHR INTERNATIONAL, LLC, et al.,     )
                                     )
                    Defendants.      )

ORDER AND OPINION GRANTING IN PART AND DENYING IN PART (1)
PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND (2)
DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT

        Pending are cross motions for summary judgment on Plaintiff's duty to defend.
For the following reasons, both Plaintiff's motion (Doc. # 47) and Defendants' motion
(Doc. # 49)[1] are granted in part and denied in part.


I.  BACKGROUND


        This is a declaratory action brought by Plaintiff against its insured, Defendant Fuhr
International LLC ("Fuhr") and The Louver Shop, Inc. ("Louver").  Fuhr manufactures and
supplies paint and similar products, and Louver purchased primer and other coatings from
Fuhr for application on Louver's products.  Fuhr and Louver are parties to a lawsuit in
Georgia in which Louver alleges various contract and tort claims against Fuhr.  In this
case, Plaintiff seeks a declaration that it is not obligated to provide a defense or coverage
to Fuhr.  On August 3, 2006, the Court granted in part Defendants' Motion to Stay and,
in the interest of efficiency, stayed proceedings regarding the duty to indemnify.
Proceedings regarding Plaintiff's duty to defend Fuhr have proceeded, resulting in the
pending cross-motions.

_____

        [1]Louver has joined in Fuhr's filings with regard to these motions.

Louver's suit alleges seven causes of action, which are described as follows:

Count I      Breach of Contract

Count II     Breach of Express Warranty

Count III    Breach of the Implied Warranty of Merchantability

Count IV   Breach of the Implied Warranty of Fitness for a Particular Purpose

Count V    Promissory Estoppel

Count VI   Negligence

Count VII  Attorney Fees

The parties agree Count VII does not state an independent cause of action under Georgia law, but rather is a statutory remedy available under certain circumstances. Therefore, no further discussion of Count VII is necessary.

The policy provides coverage for "bodily injury" or "property damage" that "is caused by an 'occurrence' that takes place in the coverage territory.'" The term "occurrence" is defined as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." The term "accident" is not defined in the policy.

## II.  DISCUSSION

### A.  Governing Standards

A moving party is entitled to summary judgment on a claim only if there is a showing that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  See generally Williams v. City of St. Louis, 783 F.2d 114, 115 (8th Cir. 1986).  "[W]hile the materiality determination rests on the substantive law, it is the substantive law's identification of which facts are critical and which facts are irrelevant that governs."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); see also Get Away Club, Inc. v. Coleman, 969 F.2d 664 (8th Cir. 1992).  In applying this standard, the Court must view the evidence in the light most favorable to the non-moving party, giving that party the benefit of all inferences that may be reasonably drawn from the evidence.  Matsushita Elec. Indus. Co. v. Zenith Radio

2

Corp., 475 U.S. 574, 588-89 (1986); Tyler v. Harper, 744 F.2d 653, 655 (8th Cir. 1984), cert. denied, 470 U.S. 1057 (1985). However, a party opposing a motion for summary judgment "may not rest upon the mere allegations or denials of the . . . pleadings, but . . . by affidavits or as otherwise provided in [Rule 56], must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

An insurer's obligation to defend its insured is broader than its duty to indemnify its insured. E.g., McCormack Baron Mgt. Servs., Inc. v. American Guarantee & Liability Ins. Co., 989 S.W.2d 168, 170 (Mo. 1999) (en banc).[2] "The duty to defend arises whenever there is a potential or possible liability to pay based on the facts at the outset of the case and is not dependant on the probable liability to pay based on the facts ascertained through trial. The duty to defend is determined by comparing the language of the insurance policy with the allegations in the complaint." Id. (quotation omitted). "[T]he duty to defend is triggered if there are facts that could potentially bring the underlying claim within coverage. Furthermore, any uncertainty as to the policy's coverage should be decided in favor the insured." Liberty Mutual Ins. Co. v. FAG Bearings Corp., 153 F.3d 919, 924 (8th Cir. 1998). "If the complaint merely alleges facts that give rise to a claim potentially within the policy's coverage, the insurer has a duty to defend." McCormack Baron, 989 S.W.2d at 170-71. Once triggered, the duty to defend extends to the entire suit, even if there are claims that would not trigger the duty to defend. Scottsdale Ins. Co. v. Ratliff, 927 S.W.2d 531, 532, 534 (Mo. Ct. App. 1996) (Blackmar, Sr. J.).


### B.  The Contract-Related Counts


Counts I through V of Louver's complaint allege contract or contract-type (i.e., promissory estoppel) claims. This is significant because the policy Plaintiff issued "is a standard form commercial general liability policy which insures certain property damage caused by accident to the property of others. The intent of such policies is to protect against the unpredictable and potentially unlimited liability that can result from accidentally causing injury to other persons or their property." American States Ins. Co.

---

[2]The parties agree Missouri law governs this dispute.

v. Mathis, 974 S.W.2d 647, 649 (Mo. Ct. App. 1998).  However, a general liability policy does not insure against all risks, and the Missouri Supreme Court has cautioned against an expansive reading of coverage:

> A commercial general liability policy . . . is not intended to protect business owners against every risk of operating a business.  Some risks, termed "business risks," are considered the responsibility of the business owner, rather than the insurer; consequently, they are excluded from coverage. Business risks are those risks that are the normal, frequent, or predictable consequences of doing business, and which business management can and should control and manage.  Excluding such risks from coverage lowers insurance rates and provides an incentive for business owners to manage their businesses more effectively.  *The business risk exclusions are based on the apparently simple premise that general liability coverage is not intended as a guarantee of the quality of an insured's product or work.*

Columbia Mut. Ins. Co. v. Schauf, 967 S.W.2d 74, 77 (Mo. 1998) (en banc) (internal quotations omitted; emphasis supplied).  Consequently, the term "accident," as used in such policies, is defined by Missouri courts to refer to "[a]n event that takes place without one's foresight or expectation; an undesigned, sudden and unexpected event. Hence, often, an undesigned and unforeseen occurrence of an afflictive or unfortunate character; a mishap resulting in injury to a person or damage to a thing; a casualty;  as, to die by an accident."  Mathis, 974 S.W.2d at 650 (quotation omitted).  "Under this definition breaches of contract are not 'accidents' or 'occurrences'" because performance of a contract lies within a party's "control and management and its failure to perform cannot be described as an undesigned or unexpected event."  Id.; see also Hawkeye-Security Ins. Co v. Davis, 6 S.W.3d 419, 426 (Mo. Ct. App. 1999).

Defendants' primary argument relies on the Eighth Circuit's decision in Ferrell v. Westbend Mutual Ins. Co., 393 F.3d 786 (8th Cir. 2005).  However, that decision rested on Wisconsin law and relied on decisions from the Wisconsin Supreme Court, including American Family Mut. Ins. Co. v. American Girl, Inc., 673 N.W.2d 65 (Wis. 2004). There, the Wisconsin Supreme Court interpreted the standard policy language differently and in a manner that is contrary to the Missouri authorities cited above.  673 N.W.2d at 76-77.

4

Defendants also rely on an unpublished decision from the Eastern District of Missouri for the proposition that the nature of the cause of action should be examined to determine whether performance on the contract was within the insured's control.  With all due respect to that Court's decision, the undersigned finds little support for this proposition in Missouri cases.  Moreover, Defendants' application of this rule demonstrates its lack of viability.  They posit that Louver's claims arise from events that were not within Fuhr's control, such as the manner in which Louver applied the product and the temperature and humidity in Louver's plant.  These arguments, if proved, deny any breach of contract by pointing to alternative causes for Louver's damages and do not demonstrate anything about Fuhr's compliance with contractual obligations.  Fuhr's contractual obligations required it to deliver a certain product conforming to certain expectations; Fuhr's ability to fulfill those obligations was within its control, and its failure to do so was not an accident.  Therefore, Plaintiff has no duty to defend Fuhr on Counts I - V of Louver's Complaint.

## C.  The Tort Count

Count VI alleges Fuhr "negligently manufactured" its product, thereby causing damage to Louver's property (namely, the items to which it applied Fuhr's product).  In light of the broad standards described in Part II.A., above, the Court concludes this count advances a claim that is arguably covered by the policy, so Plaintiff is obligated to defend the suit.  Count VI is broad enough to encompass a situation in which Fuhr – through accident or other inadvertence – committed some error during the manufacturing process that led to Louver's damages.  If proved, these allegations would constitute an accident and, hence, qualify as a covered occurrence.  E.g., Wood v. Safeco Ins. Co. of Am., 980 S.W.2d 43, 49 (Mo. Ct. App. 1998) (citing cases and holding "that when a liability policy defines 'occurrence' as meaning 'accident' Missouri courts consider this to mean injury caused by the negligence of the insured."); id. at 50 ("[W]e conclude that Missouri authority would allow negligent conduct to be encompassed by a liability policy providing coverage for an 'occurrence' defined as an accident.'  This comports with a reasonable person's expectation of liability coverage.").

5

The fact that the same case presents both contract and tort claims is of no consequence. For instance, a termite inspector's failure to properly inspect for termites may state a claim for breach of contract, but it may also be described as a negligent act that qualifies as an occurrence under this standard policy language. <u>Scottsdale Ins. Co.</u>, 927 S.W.2d at 532, 534. Similarly, if Fuhr negligently added or deleted a chemical during production that rendered the product delivered to Louver "nonconforming" and that also caused property damage, Louver would be damaged by a breach of contract (which is not an occurrence) and by a negligent act (which is an occurrence). Louver's Complaint is sufficiently broad to allege both theories, and Plaintiff is obligated to provide a defense for the latter.

The Court reminds the parties of the limited nature of the decision being made: the Court is not concluding coverage exists, but rather that coverage *might* exist. This conclusion is insufficient to allow a determination regarding Plaintiff's obligation to indemnify its insured, but it is all that is necessary to allow a determination that Plaintiff is obligated to defend its insured – at least, so long as the claim that might be covered remains in the underlying suit. A determination about Plaintiff's duty to indemnify cannot be made until the underlying suit is concluded and this Court can determine whether and on what basis Louver prevails. <u>See</u> <u>McCormack Baron</u>, 989 S.W.2d at 173.

### III.  CONCLUSION

Both motions for partial summary judgment are granted in part and denied in part. Plaintiff is obligated to provide its insured a defense so long as Count VI remains a part of the underlying suit.

IT IS SO ORDERED.

/s/ <u>Ortrie D. Smith</u>
ORTRIE D. SMITH, JUDGE
DATE: December 12, 2006                UNITED STATES DISTRICT COURT

6